*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2014-310

JANUARY TERM, 2015

| | | |
|---|---|---|
| Tracey Bushey | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| William Bushey | } | DOCKET NO. 415-5-13 Cndmd |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Husband appeals a final divorce order of the superior court, family division, dividing the parties' marital property and awarding wife maintenance. We reverse and remand.

The family court made the following unchallenged findings. The parties, both in their late forties, were married in 1986 and have two adult children. Wife has cancer. She raised the parties' children and was primarily a homemaker during the parties' long-term marriage. She also briefly worked as a cleaner and helped out in husband's auto-garage business. Husband was the primary wage-earner during the marriage. In addition to running the garage, he engaged in landscaping and logging and performed other odd jobs. Husband's garage paid the parties $2500 per month in rent, and they also received $1688 per month for having a cell tower located on the marital property. Husband claimed that his auto business paid him $600 per week. The parties' recent income-tax returns reported adjusted annual gross income between $44,000 and $99,000, but the parties also had significant unreported income, which allowed them to purchase numerous pieces of equipment and various types of vehicles valued at over several hundred thousand dollars.

The parties own three parcels of real property: (1) the marital home, which was appraised at $304,000 and had an outstanding mortgage of $187,000, $122,000 of which husband used to purchase an excavator and land in the Town of Lowell; (2) land and a cabin in the Town of Lowell, which was appraised at $160,000; and (3) the land and building housing the garage business, appraised at $205,000. Husband's auto business retains an excessive amount of cash that has varied over the years. The business itself has not been appraised.

The family court indicated in its decision that it would attempt to equitably divide the parties' real and personal property. The court stated that it would not value the numerous items of personal property, but rather would award the property to the party possessing and making use of it. The court further stated that the real estate "shall be divided equally," and that husband would "make up the disparity in values by paying off $122,000 of the [marital] home's mortgage and executing a note" to wife. In the section of its decision labeled "ORDER," the court awarded wife the marital home and the cell-tower lease, with husband paying off $122,000 of the

home's mortgage within six months and wife refinancing in her name only. The court awarded husband the Lowell property, the commercial property, and the auto business, but did not explicitly place any value on the business apart from the value of the land and the building. The court stated that "to equalize the value of the real property awarded to each party," husband would be required to pay wife $63,000 through a three-year note accruing interest at six percent a year. Finally, the court awarded wife $2000 in monthly maintenance until she reached the age of sixty-seven.

On appeal, husband argues that the family court committed reversible error: (1) by failing to divide the real property equally as it explicitly stated it intended to do, and (2) by not equitably dividing the parties' extensive personal property.

As for the real property, the trial court was not required to divide that property equally. See Gravel v. Gravel, 2009 VT 77, ¶ 16 ("The distribution of property is not an exact science; all that is required is that the distribution be equitable."). However, when a trial court states that it intends to make an equal distribution of property, its failure to substantially do so is reversible error. Kanaan v. Kanaan, 163 Vt. 402, 415 (1995). We infer from the trial court's brief opinion that the court sought to equalize the division of the three parcels of real estate as follows. First, the court awarded wife the marital home. Apparently because $122,000 of the mortgage encumbering the marital home had paid for the Lowell property and excavator, both of which were awarded to husband, the trial court essentially shifted the indebtedness associated with those items to husband by requiring him to pay $122,000 of the mortgage debt on the house within six months. After husband paid down the mortgage by $122,000, the equity in the marital home awarded to wife would be $239,000. Second, the court awarded husband both the Lowell property, valued at $160,000, and the commercial property, valued at $205,000, for a total of $365,000. Third, the court required husband to pay wife $63,000 to equalize the parties' real property—for wife, $239,000 plus $63,000 for a total of $302,000, and for husband, $365,000 minus $63,000 for a total of $302,000.

If the trial court was aspiring to divide the real property equally, its math undercut this goal: when the trial court shifted the debt associated with the Lowell property to husband ($100,000 of the $122,000 which husband was required to pay toward the mortgage on the marital residence), it did not adjust the equity or net value assigned to the Lowell property accordingly. So the trial court treated the Lowell property as unencumbered, with a net value of $160,000, when in fact husband was required to pay $100,000 of debt associated with that property. Husband is right: the net effect of this property division was to award wife a substantially unequal share of the real property.

With respect to the parties' personal property, husband contends that the court improperly awarded wife personal property valued at approximately $100,000 more than the personal property awarded to him. We reject this argument for several reasons. First, the trial court did not purport to divide the parties' personal property equally. It sought only to divide such property equitably. Second, husband's own exhibit that he cites in support of his argument does not in fact support the assertion that the court awarded wife $100,000 more in personalty than husband. It is not clear how husband reaches this alleged disparity in the distribution of the parties' personal property, but, among other things, he attributes to wife cash that the court found wife used to pay off mutual credit-card debts and her monthly expenses during the parties' separation, and he also attributes to her $19,700 for a kitchen and bed, even though the court refused to accept that value for those items. Setting aside these two errors in husband's apparent calculations, the discrepancy in the court's personal property awards is nowhere near $100,000. Third, husband's valuations do not include a value for husband's ongoing business, apart from the value of the real estate on which it is located. The trial court likewise did not assign a value

to the business, but did award it to husband. The trial court could reasonably have considered the business to have some value apart from the real property and machinery and tools valued by the parties.

In short, husband has failed to demonstrate that the family court's decision to award personal property to the party in possession of the property resulted in an inequitable division of marital property. Kasser v. Kasser, 2006 VT 2, ¶ 30, 179 Vt. 259 ("The family court has broad discretion in dividing marital property, and we will uphold its decision unless its discretion was abused, withheld, or exercised on clearly untenable grounds.").

Because the reality of the trial court's property-division award does not substantially square with the aspiration it expressed, we remand for a redetermination of the appropriate property division. The trial court is not constrained to revisiting the property division solely as it relates to real property, but may in its discretion revise the property division relating to personal property if it concludes that doing so is appropriate to accomplish the goals of 15 V.S.A. § 751. Moreover, in light of our reversal of the property division, the trial court on remand may also reconsider the maintenance award. See Billings v. Billings, 2011 VT 116, ¶ 26, 190 Vt. 487 (recognizing that property division and maintenance decisions are interrelated, and concluding that reconsideration of property distribution warranted reconsideration of maintenance decision). The court need not hold a new evidentiary hearing, and may rely on the admitted exhibits and transcript from the initial hearing.

Reversed and remanded for further proceedings consistent with this opinion.

BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice